IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DC RENBARGER III, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-1253-D |
| | ) | |
| OFFICE DEPOT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **O R D E R**

Upon review of the Notice of Removal and the attached Petition filed in state court, the Court finds insufficient allegations to establish federal subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.[1] Specifically, there are no factual allegations to establish the citizenship of Plaintiff, an Oklahoma limited liability company. "All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008); *see also Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Notice of Removal alleges facts pertinent to the citizenship of a corporation under 28 U.S.C. § 1332(c)(1) but no facts regarding the citizenship of the owners or members of DC Renbarger III, LLC.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006).

IT IS THEREFORE ORDERED that Defendant is directed to file an amended notice of removal within ten (10) days of this date to cure the deficiency identified in this Order.

IT IS SO ORDERED this 25th day of November, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE